UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN AND FOR FORT LAUDERDALE, FLORIDA

00 FEB 15 PM 4:01

CLERK U.S. DIST. CT.
S.D. OF FLA.-FTL

DUNKIN' DONUTS INCORPORATED, )
A Delaware Corporation, )
)
)
Plaintiff, )   Case No: **00-6226**
v. )
)   CIV-UNGARO-BENAGES
GULFSTREAM PARK RACING )
ASSOCIATION, INC., )
A Florida Corporation. )   MAGISTRATE JUDGE
)   BROWN
Defendant. )
)

## COMPLAINT

### The Parties

1.   Dunkin' Donuts Incorporated ("Dunkin' Donuts") is a Delaware corporation with its principal place of business at 14 Pacella Park Drive, Randolph, Massachusetts. It is engaged in the business of franchising independent business persons to operate Dunkin' Donuts shops throughout the United States. Dunkin' Donuts franchisees are licensed to use the trade names, service marks, and trademarks of Dunkin' Donuts and to operate under the Dunkin' Donuts system, which involves the production, merchandising, and sale of doughnuts, coffee, and other products utilizing a specially designed building with special equipment, equipment layouts, interior and exterior accessories, identification schemes, products, management programs, standards, specifications, proprietary marks, and information.



2.	Defendant Gulfstream Park Racing Association, Inc. is a Florida corporation with its principal place of business at 901 South Federal Highway in Hallandale, Florida. Defendant owns and/or operates a horse racing and wagering facility located at 901 South Federal Highway in Hallandale, Florida.

3.	Defendant is not a Dunkin' Donuts franchisee and is not licensed to use the Dunkin' Donuts trademarks, trade name, or trade dress.

### Jurisdiction and Venue

4.	This Court has jurisdiction pursuant to §§ 34(a) and 39 of the Lanham Act, 15 U.S.C. §§ 1116(a), 1121; 28 U.S.C. §§ 1331, 1332, and 1338. The amount in controversy exceeds $75,000, exclusive of interest and costs.

5.	Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

### Background Facts

6.	Dunkin' Donuts is the franchisor of the Dunkin' Donuts franchise system.

7.	Dunkin' Donuts' wholly-owned subsidiary, Dunkin' Donuts USA, Inc., is the owner of the trademark, service mark, and trade name "DUNKIN' DONUTS" and related marks. Dunkin' Donuts has the exclusive license to use and license others to use these marks and tradename and has used them continuously since approximately 1960 to identify its doughnut shops, and the doughnuts, pastries, coffee, and other products associated with those shops.

8.	Dunkin' Donuts USA, Inc. owns numerous federal registrations incorporating the word "Donuts," including Registration Nos. 692,491, 748,901, 976,136, 1,148,165, and 159,354. Each of these registrations is in full force and effect, and is incontestable, pursuant to 15 U.S.C. § 1065. Of the above listed registrations, Registration Nos. 1,148,165, and 1,159,354 depict the mark

"DUNKIN' DONUTS" in distinctive frankfurter lettering style and in pink and orange colors.

9. The Dunkin' Donuts trademarks are utilized in interstate commerce.

10. Dunkin' Donuts' franchisees currently operate approximately 3,700 shops in the United States and over 1,000 outside of the United States. In the forty years since the Dunkin' Donuts system began, hundreds of millions of consumers have been served coffee, donuts, and other food products in Dunkin' Donuts shops.

11. The Dunkin' Donuts marks have been very widely advertised and promoted by Dunkin' Donuts over the years. Dunkin' Donuts and its franchisees have expended approximately $612,000,000 dollars in advertising and promoting the Dunkin' Donuts marks over the last twenty-six years. Dunkin' Donuts spent approximately $75,000,000 in the last fiscal year alone on advertising and promotion. As a result, the Dunkin' Donuts marks have become famous throughout the United States.

12. As a result of the extensive sales, advertising, and promotion of items identified by the Dunkin' Donuts marks, the public has come to know and recognize the Dunkin' Donuts marks, and to associate them exclusively with products and services offered by Dunkin' Donuts and its franchisees. The Dunkin' Donuts marks are among the best and most widely known trademarks in the United States today, and are assets of inestimable value to Dunkin' Donuts, representing and embodying Dunkin' Donuts' goodwill and favorable reputation.

13. Defendant's racetrack facility includes a food court area where various foods and beverages are sold to Defendant's patrons and members of the general public.

14. Defendant's food court area includes a stand that sells doughnuts, coffee, and other food items.

15. The doughnut stand in Defendant's food court area is marked by several signs that say "DONUTS DONUTS." This mark "DONUTS DONUTS" consists of the same coloring and lettering style found in Dunkin' Donuts marks, including Dunkin' Donuts' mark "DUNKIN' DONUTS." The letters of the mark "DONUTS DONUTS" are orange and pink and of the same "frankfurter" design that characterizes Dunkin' Donuts' marks.

16. Dunkin' Donuts has not licensed the use of its marks in Defendant's food court area.

## Count I
## (Trademark Infringement)

17. The allegations of paragraphs 1 through 16 are hereby incorporated by reference.

18. Defendant uses the mark "DONUTS DONUTS" in an identical or substantially indistinguishable lettering style and coloring scheme as the "DUNKIN' DONUTS" marks used at Dunkin' Donuts shops operated by Dunkin' Donuts licensees.

19. The use of the mark "DONUTS DONUTS" in connection with the sale of doughnuts, coffee, and other food products in Defendant's food court area is likely to confuse or deceive the public into believing, contrary to fact, that its product is licensed, franchised, sponsored, authorized or otherwise approved by Dunkin' Donuts, or is in some other way connected or affiliated with Dunkin' Donuts. Such imitation infringes Dunkin' Donuts' exclusive rights in the Dunkin' Donuts trademarks under § 32 of the Lanham Act, 15 U.S.C. § 1114.

20. Defendant's acts were done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

21. As a result of Defendant's infringement of the Dunkin' Donuts marks, Dunkin' Donuts has suffered and is continuing to suffer irreparable injury, and has incurred and is continuing to incur

monetary damage in an amount that has yet to be determined.

## Count II

### (Unfair Competition)

22. The allegations of paragraphs 1 through 21 are hereby incorporated by reference.

23. The use in commerce by Defendant of the mark "DONUTS' DONUTS" without the consent of Dunkin' Donuts is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of goods, services or commercial activities by another person. Such continued unauthorized use of the Dunkin' Donuts trademarks and trade name violates § 43 of the Lanham Act, 15 U.S.C. § 1125(a).

24. Defendant's acts were done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

25. As a result of Defendant's unfair competition, Dunkin' Donuts has suffered and is continuing to suffer irreparable injury, and has incurred and is continuing to incur monetary damage in an amount that has yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Dunkin' Donuts prays that this Court:

A. Enjoin Defendant and all those acting in concert therewith, by preliminary and permanent injunction, from infringing upon the Dunkin' Donuts trademark, service marks, trade name, or trade dress, and from otherwise engaging in unfair competition with Dunkin' Donuts;

B. Enjoin the Defendant to file with the Court and serve on Dunkin' Donuts, within thirty days after the service upon the Defendant of the injunction, a report in writing under oath setting

forth in detail the manner and form in which Defendants has complied with the injunction;

  C. Award Dunkin' Donuts judgment against Defendant for the damages Dunkin' Donuts has sustained and the profits Defendant has derived as a result of its trademark infringement, or such damages the court deems just, that such damages be assessed in a separate accounting procedure and trebled in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117;

  D. Award Dunkin' Donuts prejudgment interest in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117;

  E. Award Dunkin' Donuts such exemplary or punitive damages against Defendant as are deemed appropriate because of the wilful and malicious nature of Defendant's conduct;

  F. Award Dunkin' Donuts its costs and attorneys' fees incurred in connection with this action, pursuant to § 35 of the Lanham Act, 15 U.S.C. § 1117; and

G. Award Dunkin' Donuts such other relief as this Court may deem just and proper.

Dated: February 11, 2000

Respectfully submitted,

_____
Paul Watson
(FL Bar #957224)
BUSH, ROSS, GARDNER, WARREN
 & RUDY, P.A.
220 South Franklin Street
Tampa, Florida 33602
(813) 224-9255

And

Robert L. Zisk
David E. Worthen
Richard L. Creech
SCHMELTZER, APTAKER &
SHEPARD, P.C.
2600 Virginia Avenue, N.W.
Suite 1000
Washington, D.C. 20037
(202) 333-8800

Attorneys for Plaintiff
Dunkin' Donuts Incorporated

195512.1

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**00-6226**

**I.(a) PLAINTIFFS**
DUNKIN' DONUTS INCORPORATED, a Delaware corporation,

00 FEB 15 PM 4:01
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FTL

**DEFENDANTS**
GULFSTREAM PARK RACING ASSOCIATION, INC., a Florida corporation,

**CIV-UNGARO-BENAGES**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___Norfolk, MA___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __BROWARD__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

MAGISTRATE JUDGE
BROWN

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Bush Ross Gardner Warren & Rudy, P.A.
220 South Franklin Street
Tampa, FL 33602
Ph. (813) 224-9255

ATTORNEYS (IF KNOWN)

(d) circle county where action arose: (BROWARD)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
This is an action for damages and injunctive relief for trademark infringment under the Lanham Act, 15 U.S.C. §§1114 and unfair competition under the Lanham Act, 15 U.S.C. §§1125.

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23
**DEMAND $** exceeds $75,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 2/11/00
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 518572   AMOUNT $150.00   APPLYING IFP _____   JUDGE 02-15-00   MAG. JUDGE _____