**NIGHT BOX**
**FILED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN AND FOR FORT LAUDERDALE, FLORIDA

FEB 18 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

|   |   |   |
|---|---|---|
| DUNKIN' DONUTS INCORPORATED, A Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No: 00-6226-CIV-Ungaro-Benages |
| v. | ) ) | Magistrate Brown |
| GULFSTREAM PARK RACING ASSOCIATION, INC., a Florida Corporation, and LEVY PREMIUM FOOD SERVICE, INC., a foreign corporation, d/b/a LEVY RESTAURANTS AT GULFSTREAM PARK, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## AMENDED COMPLAINT

### The Parties

1.      Dunkin' Donuts Incorporated ("Dunkin' Donuts") is a Delaware corporation with its principal place of business at 14 Pacella Park Drive, Randolph, Massachusetts.  It is engaged in the business of franchising independent business persons to operate Dunkin' Donuts shops throughout the United States.  Dunkin' Donuts franchisees are licensed to use the trade names, service marks, and trademarks of Dunkin' Donuts and to operate under the Dunkin' Donuts system, which involves the production, merchandising, and sale of doughnuts, coffee, and other products utilizing a specially designed building with special equipment, equipment layouts, interior and exterior accessories, identification schemes, products, management programs, standards, specifications, proprietary marks, and information.

2.    Defendant Gulfstream Park Racing Association, Inc. ("Gulfstream") is a Florida corporation with its principal place of business at 901 South Federal Highway in Hallandale, Florida. Defendant Gulfstream Park owns and/or operates a horse racing and wagering facility located at 901 South Federal Highway in Hallandale, Florida.

3.    Defendant Levy Premium Food Service, Inc. ("Levy Premium") is a foreign corporation with its principal place of business at 980 North Michigan Avenue, Chicago, Illinois 60611. Defendant Levy Premium is authorized to do business in the state of Florida as Levy Restaurants at Gulfstream Park. Upon information and belief, Defendant Levy Premium is the concessionaire at a horse racing and wagering facility located at 901 South Federal Highway in Hallandale, Florida operated by Defendant Gulfstream Park.

4.    Defendants are not Dunkin' Donuts franchisees and are not licensed to use the Dunkin' Donuts trademarks, trade name, or trade dress.

## Jurisdiction and Venue

5.    This Court has jurisdiction pursuant to §§ 34(a) and 39 of the Lanham Act, 15 U.S.C. §§ 1116(a), 1121; 28 U.S.C. §§ 1331, 1332, and 1338. The amount in controversy exceeds $75,000, exclusive of interest and costs.

6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## Background Facts

7.    Dunkin' Donuts is the franchisor of the Dunkin' Donuts franchise system.

8.    Dunkin' Donuts' wholly-owned subsidiary, Dunkin' Donuts USA, Inc., is the owner of the trademark, service mark, and trade name "DUNKIN' DONUTS" and related marks. Dunkin' Donuts has the exclusive license to use and license others to use these marks and tradename and has

used them continuously since approximately 1960 to identify its doughnut shops, and the doughnuts, pastries, coffee, and other products associated with those shops.

9.    Dunkin' Donuts USA, Inc. owns numerous federal registrations incorporating the word "Donuts," including Registration Nos. 692,491, 748,901, 976,136, 1,148,165, and 159,354. Each of these registrations is in full force and effect, and is incontestable, pursuant to 15 U.S.C. § 1065. Of the above listed registrations, Registration Nos. 1,148,165, and 1,159,354 depict the mark "DUNKIN' DONUTS" in distinctive frankfurter lettering style and in pink and orange colors.

10.    The Dunkin' Donuts trademarks are utilized in interstate commerce.

11.    Dunkin' Donuts' franchisees currently operate approximately 3,700 shops in the United States and over 1,000 outside of the United States. In the forty years since the Dunkin' Donuts system began, hundreds of millions of consumers have been served coffee, donuts, and other food products in Dunkin' Donuts shops.

12.    The Dunkin' Donuts marks have been very widely advertised and promoted by Dunkin' Donuts over the years. Dunkin' Donuts and its franchisees have expended approximately $612,000,000 dollars in advertising and promoting the Dunkin' Donuts marks over the last twenty-six years. Dunkin' Donuts spent approximately $75,000,000 in the last fiscal year alone on advertising and promotion. As a result, the Dunkin' Donuts marks have become famous throughout the United States.

13.    As a result of the extensive sales, advertising, and promotion of items identified by the Dunkin' Donuts marks, the public has come to know and recognize the Dunkin' Donuts marks, and to associate them exclusively with products and services offered by Dunkin' Donuts and its franchisees. The Dunkin' Donuts marks are among the best and most widely known trademarks in

the United States today, and are assets of inestimable value to Dunkin' Donuts, representing and embodying Dunkin' Donuts' goodwill and favorable reputation.

14.    Defendant Gulfstream Park's racetrack facility includes a food court area where various foods and beverages are sold to patrons of Defendant Gulfstream Park and members of the general public. The food court area is operated by Defendant Levy Premium.

15.    Defendants' food court area includes a stand that sells doughnuts, coffee, and other food items.

16.    The doughnut stand in Defendants' food court area is marked by several signs that say "DONUTS DONUTS." This mark "DONUTS DONUTS" consists of the same coloring and lettering style found in Dunkin' Donuts marks, including Dunkin' Donuts' mark "DUNKIN' DONUTS." The letters of the mark "DONUTS DONUTS" are orange and pink and of the same "frankfurter" design that characterizes Dunkin' Donuts' marks.

17.    Dunkin' Donuts has not licensed the use of its marks in Defendants' food court area.

## Count I
### (Trademark Infringement)

18.    The allegations of paragraphs 1 through 17 are hereby incorporated by reference.

19.    Defendants use the mark "DONUTS DONUTS" in an identical or substantially indistinguishable lettering style and coloring scheme as the "DUNKIN' DONUTS" marks used at Dunkin' Donuts shops operated by Dunkin' Donuts licensees.

20.    The use of the mark "DONUTS DONUTS" in connection with the sale of doughnuts, coffee, and other food products in Defendants' food court area is likely to confuse or deceive the public into believing, contrary to fact, that their product is licensed, franchised, sponsored, authorized

4

or otherwise approved by Dunkin' Donuts, or is in some other way connected or affiliated with Dunkin' Donuts. Such imitation infringes Dunkin' Donuts' exclusive rights in the Dunkin' Donuts trademarks under § 32 of the Lanham Act, 15 U.S.C. § 1114.

21.    Defendants' acts were done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

22.    As a result of Defendants' infringement of the Dunkin' Donuts marks, Dunkin' Donuts has suffered and is continuing to suffer irreparable injury, and has incurred and is continuing to incur monetary damage in an amount that has yet to be determined.

**Count II**

**(Unfair Competition)**

23.    The allegations of paragraphs 1 through 22 are hereby incorporated by reference.

24.    The use in commerce by Defendants of the mark "DONUTS' DONUTS" without the consent of Dunkin' Donuts is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of goods, services or commercial activities by another person. Such continued unauthorized use of the Dunkin' Donuts trademarks and trade name violates § 43 of the Lanham Act, 15 U.S.C. § 1125(a).

25.    Defendants' acts were done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

26.    As a result of Defendants' unfair competition, Dunkin' Donuts has suffered and is continuing to suffer irreparable injury, and has incurred and is continuing to incur monetary damage in an amount that has yet to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE, Dunkin' Donuts prays that this Court:

A.    Enjoin Defendants and all those acting in concert therewith, by preliminary and permanent injunction, from infringing upon the Dunkin' Donuts trademark, service marks, trade name, or trade dress, and from otherwise engaging in unfair competition with Dunkin' Donuts;

B.    Enjoin the Defendants to file with the Court and serve on Dunkin' Donuts, within thirty days after the service upon the Defendants of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

C.    Award Dunkin' Donuts judgment against Defendants for the damages Dunkin' Donuts has sustained and the profits Defendants have derived as a result of their trademark infringement, or such damages the court deems just, that such damages be assessed in a separate accounting procedure and trebled in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117;

D.    Award Dunkin' Donuts prejudgment interest in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117;

E.    Award Dunkin' Donuts such exemplary or punitive damages against Defendants as are deemed appropriate because of the wilful and malicious nature of Defendants' conduct;

F.    Award Dunkin' Donuts its costs and attorneys' fees incurred in connection with this action, pursuant to § 35 of the Lanham Act, 15 U.S.C. § 1117; and

G.    Award Dunkin' Donuts such other relief as this Court may deem just and proper.

Dated: February 18, 2000

Respectfully submitted,

_____
Paul D. Watson
(FL Bar #957224)
BUSH, ROSS, GARDNER, WARREN
  & RUDY, P.A.
220 South Franklin Street
Tampa, Florida 33602
(813) 224-9255

And

Robert L. Zisk
David E. Worthen
Richard L. Creech
SCHMELTZER, APTAKER &
SHEPARD, P.C.
2600 Virginia Avenue, N.W.
Suite 1000
Washington, D.C.  20037
(202) 333-8800

Attorneys for Plaintiff
Dunkin' Donuts Incorporated

195512.2

7