UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN AND FOR FORT LAUDERDALE, FLORIDA

DUNKIN' DONUTS INCORPORATED, )
A Delaware Corporation, )
)
　　　　　Plaintiff, ) Case No. 00-6226-CIV-Ungaro-Benages
v. )
) Magistrate Brown
GULFSTREAM PARK RACING )
ASSOCIATION, INC., )
A Florida Corporation, )
LEVY PREMIUM FOOD SERVICE, )
INC., a foreign corporation, d/b/a )
LEVY RESTAURANTS AT )
GULFSTREAM PARK, )
)
　　　　　Defendant. )

## JOINT SCHEDULING AND STATUS REPORT

　　Plaintiff Dunkin' Donuts Incorporated and Defendant Levy Premium Food Services, Inc., by and through undersigned counsel, hereby file a Joint Scheduling and Status Report and proposed Scheduling Order herein. Counsel for Defendant Gulfstream Park Racing Association, Inc. has been contacted in regard to this filing, but has not responded to the contents of this report. Accordingly, this submittal will be supplemented upon receipt of any communication from that party. Moreover, neither defendant has yet appeared in this case, nor have they filed answers. This case has been under active settlement discussions since its inception. Defendants' answers are due, by agreement of the parties, on May 10, 2000. As a result, the parties intend to further supplement this report as necessary prior to the scheduling conference on May 12, 2000.

1. Plaintiff Dunkin' Donuts Incorporated ("Dunkin'") has brought an action for trademark infringement and unfair competition pursuant to Sections 42 and 43, respectively, of the Lanham Act, 15 U.S.C. §§1114 and 1125(a) against Defendants Gulfstream Park Racing Association, Inc. and Levy Premium Food Service, Inc., d/b/a Levy Restaurants at Gulfstream Park. Dunkin' holds numerous trademarks, service marks, and the trade name "DUNKIN' DONUTS." Dunkin' alleges that Defendants infringed on these trademarks, service marks, and trade name by using in commerce a sign bearing the words "DONUTS DONUTS" in the same coloring and lettering style found in Dunkin's marks, including Dunkin's mark "DUNKIN' DONUTS." Defendants have not yet answered or otherwise responded to the amended complaint; their answers or other responses are due on May 10, 2000 pursuant to extensions of time granted by Dunkin'. There currently are no counterclaims, cross-claims, or third-party claims in this action. Dunkin' seeks damages, including the profits Defendants have derived as a result of their alleged infringement of Dunkin's marks, prejudgement interest, exemplary and/or punitive damages, costs and attorneys' fees, and preliminary and permanent injunctive relief.

2. Because Defendants have not yet filed an answer or otherwise responded to the amended complaint, it is unclear what, if any facts, are uncontested.

3. The issues as presently known are: 1) whether Defendants infringed Dunkin's trademarks, service marks, and trade name "DUNKIN' DONUTS" in the operation of a doughnut and coffee stand at a racetrack operated by Gulfstream Park Racing Association, Inc., 2) whether

such activity constituted unfair competition, and 3) whether Dunkin' is entitled to any damages and/or other relief, including injunctive relief, as a result, and if so, in what amount or what type.

4. Dunkin' anticipates that discovery will not be conducted in phases or on limited issues, but will proceed as is usually typical, and will include interrogatories, requests for production and inspection of relevant premises, depositions, and requests for admission.

5. Dunkin' is prepared to commence discovery immediately after Defendants file their answers or other responses to the amended complaint, which are currently due on May 10, 2000, pursuant to extensions granted by Dunkin'. Discovery should not exceed (4) four months.

6. Dunkin' proposes the following schedule:

   a. Joinder of other parties and to amend the pleadings: August 15, 2000

   b. Complete discovery: September 15, 2000

   c. File and hear motions: October 15, 2000

7. Dunkin' proposes the following:

   a. Final pretrial conference: January 17, 2001

   b. Trial: February 21, 2001

8. Dunkin' estimates that the trial of this case will take two days. It is unclear at this time whether it will be a jury trial.

9. There are no motions pending.

10. Dunkin' is unaware of any unique legal or factual aspects of this case that will require special consideration by the Court.

11. Dunkin' does not anticipate a need for references to a special master or magistrate.

12. Dunkin states that this case is presently under discussion for settlement. It is reasonably likely to settle. Levy states the following, but Dunkin' does not agree to the following (the remainder of this paragraph): that counsel for Levy and Dunkin have been involved in negotiations since February trying to resolve this case. Levy has removed any accused materials that bore the accused marks, so there is no issue of liability on a going forward basis, only as to whether the accused signage did violate Dunkin's rights. Levy only used the offending materials for a period of three (3) months, during January through March of this year. Once the accused material was brought to Levy's attention, it was removed immediately. Levy is no longer operating the donut concession at Gulfstream Park and will not operate it any further, because, for among other reasons, the low profitability of its operations at the park, including the donut concession. The potential for damages in this case is therefore minuscule, and if any damages were to be found due and owing, they would be *de minimis*. Levy would welcome the court's involvement in assisting the parties' settlement attempts.

13. There are no additional matters to set forth pursuant to Local Rule 16.1(B).

14. Dunkin' currently anticipates the use of the following exhibits at trial: 1) various photographs of Defendants' donut stand and 2) documents that Dunkin' expects will be produced by Defendants regarding their donut stand and the source of the products, signs, and equipment sold and/or used there. Levy anticipates that documents that would be used at trial would relate to the accused signage and to Levy's purchase and sale of products in connection with the accused signage.

15. Dunkin' currently anticipates that the following individuals may be witnesses in this action:

  a. Anne Cooper

  b. Ron Cumbee

  c. Andy Botwick

  d. Dan Lipinski

  e. Joseph Szvetitz

  f. Chris DiMartino

  g. Mike Mershimer

  h. Joseph McDevitt

  I. Jack Laudermilk

The above witnesses may be reached in care of:

Allied-Domeq QSR
14 Pacella Park Drive
Randolph, Massachusetts 02368

  j. Ken Clark (address unknown)

  k. Individuals to be identified in discovery.

Levy's investigation into potential witnesses is continuing. Presently, Levy is able to identify the persons who worked in the following capacities for Levy during early 2000 as witnesses: Levy's General Manager at Gulfstream Park, Steve Klegan, and the Regional Director of Operations for the Hallandale, Florida area, Joseph Greco. Other individuals include persons knowledgeable about Levy's financial issues relating to the Gulfstream Park operation, such as Peter Weber. There likely will be other potential witnesses who may be identified during discovery. These persons may be contacted through Scott Hochfelder, Esq., Levy Restaurants, 980 North Michigan Avenue, Chicago, Illinois 60611.

Dunkin' does not currently have an expert witness in this action, but reserves the right to designate such a witness at a later date. Defendants each reserve the right to designate expert witnesses. Levy anticipates that it would designate an expert witness on the issue of damages.

Respectfully submitted,

_____
Paul D. Watson
Florida Bar #957224
BUSH ROSS GARDNER WARREN & RUDY, P.A.
220 South Franklin Street
Tampa, Florida 33602
(813) 224-9255
(813) 223-9620 (telecopy)
and

Robert L. Zisk
Larry II. Mitchell
Richard L. Creech
SCHMELTZER,, APTAKER & SHEPARD, P.C.
2600 Virginia Avenue, N.W.
Suite 1000
Washington, D.C. 20037
(202) 333-8800

Attorneys for Plaintiff
Dunkin' Donuts Incorporated

_____
Mark K. Suri
MUCH SHELIST FREED DENENBERG AMENT
 & RUBENSTEIN
200 N. LaSalle St., Ste 2100
Chicago, Illinois 60601
Attorneys for Defendant Levy Premium Food
Service, Inc.

Dated: May 1, 2000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the Joint Scheduling and Status Report, has been furnished by U.S. Mail, postage prepaid, to David S. Romanik, Esq., Romanik Huss & Ivers, 20170 Pines Blvd., Suite 302, Pembroke Pines, Florida 33029 and Mark K. Suri, Esq., Much Shelist Freed Denenberg Ament & Rubenstein, 200 N. LaSalle St., Suite 2100, Chicago, Illinois 60601, on the 2nd day of May, 2000.

_____
Attorney

200915.1